UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| CHRISTINA THIGPEN, on behalf of herself and all others similarly situated,<br><br>                         Plaintiff,<br><br>    v.<br><br>CREDIT CONTROL SERVICES, INC. a/k/a CCS,<br><br>                         Defendant. | Civil Action No. |

## CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiff Christina Thigpen ("Plaintiff" or "Ms. Thigpen"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Credit Control Services, Inc. a/k/a CCS ("CCS" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial and prerecorded voice and/or an "automatic telephone dialing system" (ATDS) to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using an artificial or prerecorded voice and/or autodialed telephone calls to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

1

## NATURE OF THE ACTION

1.      Between August 8, 2018 and October 2, 2018, Defendant CCS called Ms. Thigpen's cellular telephone at least twenty-one times using an automatic telephone dialing system and/or an artificial and prerecorded voice:

| Date | Time | Number Calling |
|------|------|----------------|
| 8/8/2018 | 8:08 a.m. | (781) 382-3000 |
| 8/10/2018 | 8:38 a.m. | (781) 382-3000 |
| 8/13/2018 | 8:43 a.m. | (781) 382-3000 |
| 8/14/2018 | 8:41 a.m. | (781) 382-3000 |
| 8/16/2018 | 8:46 a.m. | (781) 382-3000 |
| 8/16/2018 | 7:20 p.m. | (781) 382-3000 |
| 8/18/2018 | 11:26 a.m. | (781) 382-3000 |
| 8/20/2018 | 12:05 p.m. | (781) 382-3000 |
| 8/22/2018 | 11:55 a.m. | (781) 382-3000 |
| 8/24/2018 | 10:56 a.m. | (781) 382-3000 |
| 8/27/2018 | 3:25 p.m. | (781) 382-3000 |
| 8/30/2018 | 10:34 a.m. | (781) 382-3000 |

| | | |
|---|---|---|
| 8/30/2018 | 7:21 p.m. | (781) 382-3000 |
| 9/1/2018 | 12:04 p.m. | (781) 382-3000 |
| 9/5/2018 | 8:56 a.m. | (781) 382-3000 |
| 9/7/2018 | 11:05 a.m. | (781) 382-3000 |
| 9/11/2018 | 8:48 a.m. | (781) 382-3000 |
| 9/15/2018 | 12:13 p.m. | (781) 382-3000 |
| 9/19/2018 | 12:56 p.m. | (781) 382-3000 |
| 9/27/2018 | 10:35 a.m. | (781) 382-3000 |
| 10/2/2018 | 12:06 p.m. | (781) 382-3000 |

2.      Plaintiff did not give Defendant prior express written consent to make these calls.

3.      When Plaintiff answered the calls listed above, she heard a momentary pause before someone started speaking to her.  A momentary pause signifies the use of a predictive dialer.

4.      Defendant called Plaintiff to inquire about a debt not owed by Plaintiff and not in Plaintiff's name.  Defendant did not ask for Plaintiff by name. In fact, Defendant asked for someone other than Plaintiff.

3

5.      The unlawful calls placed to Plaintiff are part of CCS's pattern of practice of calling consumers on their cellular telephones using an artificial or prerecorded voice and/or an autodialer who have no direct relationship with CCS, and are dialed randomly or not the proper subjects of the calls.

6.      Plaintiff has requested to be placed on Defendant's internal do not call list ("IDNC list").  However, Defendant has willfully and brazenly ignored Plaintiff's request and continues to place illegal calls to her cellular telephone, in violation of the TCPA.

7.      CCS conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the TCPA. CCS's campaign of unlawful conduct also includes the use of an artificial or prerecorded voice.

8.      By making these automated and autodialed calls, CCS caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9.      Furthermore, CCS made the calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

10.     CCS called Ms. Thigpen's cellular telephone at least twenty-one times using an automatic telephone dialing system and/or an artificial or prerecorded voice:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 8/8/2018 | 8:08 a.m. | (781) 382-3000 |
| 8/10/2018 | 8:38 a.m. | (781) 382-3000 |
| 8/13/2018 | 8:43 a.m. | (781) 382-3000 |
| 8/14/2018 | 8:41 a.m. | (781) 382-3000 |
| 8/16/2018 | 8:46 a.m. | (781) 382-3000 |
| 8/16/2018 | 7:20 p.m. | (781) 382-3000 |
| 8/18/2018 | 11:26 a.m. | (781) 382-3000 |
| 8/20/2018 | 12:05 p.m. | (781) 382-3000 |
| 8/22/2018 | 11:55 a.m. | (781) 382-3000 |
| 8/24/2018 | 10:56 a.m. | (781) 382-3000 |
| 8/27/2018 | 3:25 p.m. | (781) 382-3000 |

| 8/30/2018 | 10:34 a.m. | (781) 382-3000 |
|-----------|------------|----------------|
| 8/30/2018 | 7:21 p.m. | (781) 382-3000 |
| 9/1/2018 | 12:04 p.m. | (781) 382-3000 |
| 9/5/2018 | 8:56 a.m. | (781) 382-3000 |
| 9/7/2018 | 11:05 a.m. | (781) 382-3000 |
| 9/11/2018 | 8:48 a.m. | (781) 382-3000 |
| 9/15/2018 | 12:13 p.m. | (781) 382-3000 |
| 9/19/2018 | 12:56 p.m. | (781) 382-3000 |
| 9/27/2018 | 10:35 a.m. | (781) 382-3000 |
| 10/2/2018 | 12:06 p.m. | (781) 382-3000 |

11.    When Plaintiff answered these calls, she heard a pause before someone started speaking.  This pause is a hallmark of a predictive dialer.  According to the Federal Communications Commission and experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

12.   Plaintiff did not give Defendant prior express written consent to make these calls.

13.   Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice and an ATDS without their prior express written consent within the meaning of the TCPA.

## PARTIES

14.   Plaintiff Christina Thigpen is, and at all times mentioned herein was, a resident of Winter Haven, Florida, and a citizen of the State of Florida.

15.   Defendant Credit Control Services, Inc. is a Delaware corporation with a principle place of business at 725 Canton Street, Norwood, MA 02062.

16.   CCS conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

17.   This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members

exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

18.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

19.     This Court has personal jurisdiction over Defendant because Defendant made and continues to make unwanted autodialed and/or prerecorded calls or calls with an artificial voice in this District, including the calls to Plaintiff, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

20.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant made and continues to make unwanted autodialed calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The TCPA Of 1991**

21.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

22.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential

number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The same section forbids making calls using an "artificial or prerecorded voice." *Id.*

23.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing— to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     CCS's Calls to Plaintiff and Class Members**

24.     Prior to receiving the above-mentioned calls, Plaintiff has never had any contact with Defendant.

25.     CCS called Ms. Thigpen's cellular telephone no less than twenty-one (21) times using an artificial or prerecorded voice and/or an ATDS.

26.     When Plaintiff answered the calls, Defendant inquired about a debt allegedly owed by someone else. This suggests that the call was randomly and sequentially dialed, or at minimum that Plaintiff was not the intended recipient of the call.

27.    Plaintiff asked Defendant to stop calling her, but Defendant refused and has continued to harass Plaintiff.

28.    Defendant owns the telephone number (781) 382-3000. In fact, when the number is dialed back, an automation answers which states: "Thank you for calling CCS . . . ."

29.    Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers, *en masse*, in an automated fashion without human intervention.

30.    When Plaintiff answered Defendant's call, she heard a momentary pause. This pause is a hallmark of a predictive dialer.

31.    Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

32.    At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

33.    Defendant knowingly made (and continues to make) autodialed and prerecorded calls to cellular telephones without the prior express written consent

of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

34.   Online consumer complaints regarding Defendant's unsolicited phone calls from this same number are legion:

- "called picked up they hung up ?"[1]

- "Keeps calling.[] 8 am to our home number. Just says ccs services. Picked up and asked for someone not at our number. Told to remove but keeps calling. Suspect debt collectors of some sort. Finally blocked. But still rings once to get to vm until disconnect. Annoying as all heck!"

- "Called 3 times within 2 minutes, then had another burst of 3 calls.  Never left a message.  Blocked."

- "Person is constantly calling asking for me and then asks if there is a spouse that they can speak to-----not giving any other information about call!"

35.   These complaints represent just a small sampling of voluminous customer complaints regarding CCS's practices and clear violations of the TCPA.

---

[1] https://800notes.com/Phone.aspx/1-781-382-3000 (last visited 10/5/18).

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

37.     Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA and/or with an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

38.     Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

39.     **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

40.     **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the

12

aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

41.    The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42.    The proposed class can be identified easily through records maintained by Defendant.

43.    There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

   a.  Whether Defendant made telephone calls to Plaintiff and class members using an ATDS without their prior express written consent;
   b.  Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express written consent;
   c.  Whether Defendant's conduct was knowing and/or willful;
   d.  Whether Defendant is liable for damages, and the amount of such damages, and
   e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

44.     **Typicality.**  Plaintiff asserts claims that are typical of each member of the class because they are all persons who received calls on their telephones using an ATDS and/or an artificial or prerecorded voice without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

45.     **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

46.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

47.     **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

48.     Class wide relief is essential to compel Defendant to comply with the TCPA.

49.     The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

50.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide prior

express written consent required under the statute to authorize calls to their telephones.

51.     Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

52.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.***

53.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

55.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

56.     Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

57.     Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227, *et seq*.**

58.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

60.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61.     Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

62.    Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.    As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d.    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of

the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f.      Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  October 10, 2018          Respectfully submitted,

By:   */s/ Scott A. Bursor*
          Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joshua D. Arisohn (*To Be Admitted PHV*)
Andrew Obergfell (*To Be Admitted PHV*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
           jarisohn@bursor.com
           aobergfell@bursor.com

*Attorneys for Plaintiff*